RECEIVED

FILED

Dec 29  2 54 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREN HUGHES and THOMAS HUGHES<br>  Plaintiffs | : | CIVIL ACTION 301CV1854 MRK |
| V. | : | |
| DANBURY 6 ASSOCIATES LIMITED LIABILITY and THE GRAND UNION COMPANY<br>  Defendants | : | December 19, 2003 |

### JOINT TRIAL MANAGEMENT MEMORANDUM

I.   Trial Counsel

   Trial Counsel for John Moriarty & Associates:
   Alan L. Robertson of
   SMITH KETAINECK ROBERTSON & MUSCO
   9 Washington Avenue
   Hamden, Connecticut 06518
   203-288-2323

II.   Jurisdiction:

   The plaintiff has alleged jurisdiction on the basis of diversity of citizenship.

III.   This case will be tried to the jury.

IV.   Length of Time

   It is anticipated that the case will take four days to try.

F:\TSlht03\WINWORD\ALSFIS\trial managemen 12-15-031.DOC

V.   Further Proceedings

The matter is set down for mediation before the Magistrate William Garfinkel for 1/20/04.

VI.   Nature of Case

The plaintiff Karen Hughes has brought a cause of action for negligence of the premises liability variety. She alleges that she was caused to fall due to certain alleged defects in a pedestrian access ramp from the parking lot of a driveway area up to the sidewalk curbing in front of what was then the Grand Union store at the Danbury Green Shopping Center on 10/15/99. The plaintiff Thomas Hughes has brought a loss of consortium claim.

Danbury 6 Associates has brought a third-party "active/passive" indemnification claim against John Moriarty & Associates. John Moriarty & Associates has admitted that it is the construction company which built the ramp in question but has denied that it is responsible to indemnify Danbury 6 Associates under the common law indemnification theory.

VII.   The parties have not agreed to trial by Magistrate Judge.

VIII.   List of Witnesses by Danbury 6 Associates:

Laurie Carl, 5 Green Street, Poughquag, NY 12533. Ms. Carl is the plaintiff's daughter and was a witness to the plaintiff's fall. She will testify as to what she observed and the lighting conditions. It is anticipated that her testimony will last 1 ½ hours.

Charles Favazzo of Miller & Favazzo Properties, Inc., 27 Congress Street, Salem, MA 01970. He is a principal in the business entity Danbury 6 Associates. He will testify as to his understanding of the facts surrounding the construction of the ramp in question and will further testify regarding the absence of any other claims for injuries or any other claims by other patrons at the Danbury Shopping Green that they had due to the ramp in question. He will also testify in accordance with his deposition testimony. He will also offer testimony on the elements of proof of the third party indemnification claim against John Moriarty & Associates. It is anticipated his testimony will take two hours.

Mr. Raymond Galvin, Jr., Vice President of John Moriarty & Associates. He will testify regarding the construction of the ramp in question at Danbury Green Shopping Center. Specifically, he will testify regarding the application of yellow paint to the area, particularly the curbing, where the ramp and side flairs meet the curb, and the existence of the paint at the time of the plaintiff's fall. He will further testify as to the issuance of the certificate of occupancy by the City of Danbury, that the ramp and side flares were constructed in accordance with good construction practices, and conformance of the ramp to the applicable codes, including ADA as built by his company. It is anticipated his testimony will take 2 ½ hours.

Michael Shanok, 100 Hinman Avenue, Cheshire, CT  06410 is the defense expert. Mr. Shanok will testify that the side flares of the ramp in question were not dangerous or defective, were in compliance with code, and the significance of the issuance of certificate of occupancy by the City of Danbury. He will also offer testimony that the side flairs in question were not hazardous or defective due to lighting (which was adequate), absence of markings on the side flares of the ramp (which were not required). He will additionally testify the presence of yellow paint on the curb line (which gave notice of the side flare's presence) and that the slope of the side flare (which adhered to standards) did not constitute a defect or hazard in the premises. He will testify that the yellow painted curb adjacent to the side flares did not constitute a hazard or defect. He will testify that the side flares were reasonably constructed and conform with applicable codes and construction practices. He will further testify in accordance with expert disclosures and written reports already disclosed as part of those disclosures to all parties. He will also testify as to such other facts and opinions set forth in his reports as disclosed in the expert disclosures and his deposition testimony. He will offer testimony as needed to rebut the plaintiff's expert Alan Shepherd .It is anticipated his testimony will take three hours.

The defendant reserves the right to call any witness identified by any other party to this accident.

IX     Exhibits by Danbury 6

It is anticipated that defendant will offer the following exhibits:

1.  Photograph of the area of the plaintiff's fall (date: 10/22/99), marked Exhibit 1 at plaintiff's deposition on 2/26/03.

2a-2x.. Twenty-four photographs of the accident scene provided by the plaintiff in disclosure, as necessary, to illustrate Mr. Shanok's testimony or that of the witnesses Carl, Galvin, Favazzo or to cross-examine other witnesses.

3a-3c. Three photographs taken by Michael Shanok with regard to his visit to the site of the accident on 10/13/03.

4. Copy of Certificate of Occupancy issued by the City of Danbury.

The defendant reserves the right to mark and use any exhibits identified by any other party to this accident.

X. Trial to a Jury has been elected.

XI. Copies of defendant's proposed Voire Dire Questions and Proposed Jury Instructions are attached hereto.

XII. Anticipated Evidentiary Problems. It is anticipated that the defendant may have objection to the plaintiff's expert, Alan Shepard, testifying as to what he believes to be noncompliance with ADA regulations as they pertain to the side flare in this case. Specifically, it is anticipated that defendant may object to the application of these standards in defining a premises defect as Mrs. Hughes was not a member of a protected class contemplated by the American with Disabilities Act. Defense is undecided as to whether it will do so at this time and indicates only to the extent necessary to alert the court and preserve the record. In the event that defense elects to pursue this issue, a memorandum of law will be provided to the court well in advance of trial.

4

THIRD PARTY DEFENDANT,
John Moriarty & Associates

By _____
Alan L. Robertson, Esq.
Smith, Ketaineck, Robertson & Musco
9 Washington Avenue, Suite 3-A
Hamden, CT 06518
Federal Bar I.D. No. CT-06603

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to all counsel of record on 12/19/03.

Robert W. Folchetti, Esq.
Klein & Folchetti
15 Fisher Lane
White Plains, NY 10603

Earl F. Dewey, II
LAW OFFICES OF SCOTT B. CLENDANIEL
300 Windsor Street
P.O. Box 2138
Hartford, Connecticut 06145-2138

Thomas H. Kukowski, Esq.
Milber Makris Plousadis & Seiden, LLP
108 Corporate Park Drive, Suite 200
White Plains, NY 10604

_____
ALAN L. ROBERTSON