RECEIVED

2003

FILED

DEC 29   2 34 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAREN HUGHES and
THOMAS HUGHES
     Plaintiffs                 :      CIVIL ACTION 301CV1854 MRK

V.                            :

DANBURY 6 ASSOCIATES LIMITED
LIABILITY and THE GRAND UNION
COMPANY
     Defendants             :      December 19, 2003

## JURY INSTRUCTIONS

**Defendant's First Request to Charge**

# Defendant Does Not Guarantee Safety

### REVISED TO APRIL 3, 2000

It is not the law that the plaintiff is entitled to compensation merely because she/he is injured while on the premises controlled by another. The defendant is not required to guarantee the safety of all persons on the premises. Rather the defendant is only liable for the resulting injuries if the plaintiff meets the burden to prove the necessary elements of a defective premises claim as I now outline them for you.

     a.    The defendant is not an insurer of a person. The Defendant is only liable in the event that the accident happens through his negligence; and negligence means a failure to use that care which a reasonably prudent person would use under all the circumstances. Wright, <u>Connecticut Jury Instructions</u>, Volume II, p. 537.

     b.    The conduct of one charged with negligence cannot be tested by his knowledge and experience after the event. <u>Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co.</u>, 116 Conn. 496, 503.

### REVISED TO APRIL 3, 2000

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction and sources identified.**

2

**Defendant's Second Request to Charge**

**Burden of Proof**

It is incumbent upon the plaintiff to establish liability by the preponderance of the evidence. Any ding thereon must be based upon substantial evidence and not upon mere surmise, conjecture or sympathy. Wright, <u>Connecticut Jury Instructions</u>, Sec. 597G.

If you find that the evidence in this case is evenly balanced on any issue, it means that the plaintiff, who has the burden on that issue, cannot prevail on it. Wright, <u>Connecticut Jury Instructions</u>, Sec. 616F.

**Defendant's Third Request to Charge**

# Actual Notice of Condition

### REVISED TO APRIL 3, 2000

In order for the plaintiff to recover, the plaintiff must also prove that the defendant had actual notice, that is, actually knew of the unsafe condition long enough before the plaintiff's injury to have taken steps to correct the condition or to take other suitable precautions.

### AUTHORITY

*Zarembski v. Three Lakes, Park, Inc.,* 177 Conn. 603 (1979).

### REVISED TO APRIL 3, 2000

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

Defendant's Fourth Request to Charge

# Negligence - Definition

**REVISED TO DECEMBER 31, 1998**

Negligence is the violation of a legal duty which one person owes to another to care for the safety of that person or that person's property.

**AUTHORITY**

*Sharkey v. Skilton*, 83 Conn. 503, 508 (1910).

**REVISED TO DECEMBER 31, 1998**

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

5

**Defendant's Fifth Request to Charge**

# Common Law Negligence Defined

### REVISED TO DECEMBER 31, 1998

Common law negligence is the failure to use reasonable care under the circumstances. Reasonable care is the care that a reasonably prudent person would use in the same circumstances.

     (a)     As pointed out previously, the use of proper care in a given situation is the care which an ordinarily prudent person would use in view of the surrounding circumstances. It is not the care which you personally think you ought to have used. You must determine the question by placing an ordinarily prudent person in a situation of the defendant and ask yourselves, "what would such a person have done?" It is this care, that of an ordinarily prudent person under the circumstances, which I mean when I speak of "reasonable care" or when I use the word "reasonable" or "reasonably." All of the surrounding circumstances must be considered. In circumstances of slight danger, a slight amount of care might be sufficient to constitute reasonable care, while in circumstances of greater danger, a correspondingly great amount of care would be required to constitute reasonable care. Finally, in determining whether the defendant exercised reasonable care, you must give it the benefit of the rule that it was entitled to assume that the plaintiff would use such care, until such time as the defendant perceived or should have perceived that the plaintiff was not using or was not going to use such care.

### AUTHORITY

*Hoelter v. Mohawk Services, Inc.*, 170 Conn. 495, 501 (1976).

### REVISED TO DECEMBER 31, 1998

Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction

6

Defendant's Sixth Request to Charge

## Notice of Specific Defect

### REVISED TO APRIL 3, 2000

The notice to the defendant must be of the specific defect or unsafe condition that the plaintiff claims caused the injury. It is not enough that the plaintiff prove the existence of certain conditions that would likely produce such a defect, even if such conditions did in fact produce the defect. Our law requires that the notice, whether actual or constructive, be of the very defect that resulted in the plaintiff's injury.

### AUTHORITY

*Cruz v. Drezek*, 175 Conn. 230, 234-35 (1978); *White v. E & F Construction Co.*, 151 Conn. 110, 114 (1963).

### REVISED TO APRIL 3, 2000

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

**Defendant's Seventh Request to Charge**

# Reasonable Care

## REVISED TO AUGUST 15, 2000

In describing the duties involved in this case, I have used the term "reasonable care."

Reasonable care is defined as the care which an ordinarily prudent or careful person would use in view of the surrounding circumstances. You must determine the question by placing an ordinarily prudent person in the situation of the defendant and ask yourselves, what would such a person have done?

Note that it is the care that such a person would have used under the surrounding circumstances; that is, in view of the facts known or the facts of which the party should have been aware at the time. The standard of care required, that of an ordinarily prudent person under the circumstances, never varies; but the degree or amount of care may vary with those circumstances.

For example, in circumstances of slight risk or danger, a slight amount of care might be sufficient to constitute reasonable care, while in circumstances of greater risk or danger, a correspondingly great amount of care would be required to constitute reasonable care.

## REVISED TO AUGUST 15, 2000

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

8

Defendant's Eighth Request to Charge

## Reasonable Care

### REVISED TO DECEMBER 31, 1998

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.

### AUTHORITY

*Galligan v. Blais*, 170 Conn. 73, 77 (1976); *Pleasure Beach Park Co. v. Bridgeport Dredge & Dock Co.*, 116 Conn. 496, 503 (1933); *Geoghegan v. G. Fox & Co.*, 104 Conn. 129, 134 (1926).

### REVISED TO DECEMBER 31, 1998

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

9

**Defendant's Ninth Request to Charge**

# Comparative Negligence - General

### REVISED TO DECEMBER 31, 1998

In this case the defendant has filed a special defense alleging that the plaintiff's injuries were legally caused by the plaintiff's own negligence. The defendant must prove the elements of this special defense by a preponderance of the evidence. Specifically, the defendant must prove that the plaintiff was negligent in one or more of the ways specified in the special defense and that such negligence was a legal cause of any of the plaintiff's injuries.

### REVISED TO DECEMBER 31, 1998

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

10

**Defendant's Tenth Request to Charge**

## Invitee of Tenant/Common Areas

### REVISED TO DECEMBER 31, 1998

The plaintiff was upon the premises on the way to visit one of the tenants and for that purpose was using an asphalt ramp provided by the defendant for the common use of tenants. The duty of the landlord is the same for guests of tenants as for the tenants themselves, namely to use reasonable care to keep the common areas reasonably safe.

### AUTHORITY

*Gibson v. Hoppman,* 108 Conn. 401 (1929); *Curran v. McCall,* 4 Conn. App. 531, 534-35 (1985).

### REVISED TO DECEMBER 31, 1998

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

11

Defendant's Eleventh Request to Charge

# Plaintiff's Duty of Care

### REVISED TO DECEMBER 31, 1998

I have previously instructed you that the defendant is under the obligation to exercise the care which a reasonably prudent person would use under the circumstances. The plaintiff is also under the same obligation. A plaintiff is negligent if the plaintiff does something which a reasonably prudent person would not have done under similar circumstances; or fails to do that which a reasonably prudent person would have done under similar circumstances.

### REVISED TO DECEMBER 31, 1998

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

12

Defendant's Twelfth Request to Charge

## Specifications of Negligence - Special Defense

### REVISED TO DECEMBER 31, 1998

The special defense filed by the defendant alleges a number of specific ways in which the plaintiff was negligent. To prove negligence, it is not necessary for the defendant to prove that the plaintiff was negligent in all of the ways claimed. Proof that the plaintiff was negligent in just one of the ways claimed is sufficient to prove negligence.

### REVISED TO DECEMBER 31, 1998

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

**Defendant's Thirteenth Request to Charge**

## Plaintiff's Duty to Use Faculties

### APRIL 3, 2000

The defendant has raised a special defense and claims that the plaintiff did not make a proper use of her/his senses or faculties to avoid the injury, did not keep a proper lookout, and was not watchful. Under our law, the plaintiff is presumed to be in the exercise of due care; and if the defendant makes a claim to the contrary, the burden is on the defendant to prove it.

The defense is that the plaintiff failed to use due care to look out for her/his own safety. That means that the plaintiff was not acting as a reasonably prudent or careful person would have acted in view of the circumstances that you find existed at the time. If you find that the defendant has proved that the plaintiff was not using reasonable care to discover defects or dangerous conditions or to avoid such defects as she/he ought to have known about or ought to have been able to discover, then the defendant has proved the defense of contributory negligence and you must consider this negligence of the plaintiff in relation to that of the defendant.

### AUTHORITY

General Statutes § 52-114 (presumption of due care); *Sitnik v. National Propane Corp.*, 151 Conn. 62, 65 (1963).

### REVISED TO APRIL 3, 2000

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

14

**Defendant's Fourteenth Request to Charge**

## Rules of Comparative Negligence

### REVISED TO MAY 1, 2003

As I have explained, the plaintiff has claimed that the incident was caused by the defendant's negligence and the defendant has claimed that it was caused by the plaintiff's own negligence. If you find that negligence on the part of BOTH parties was a substantial factor in causing the (collision/incident), then the law is that the plaintiff can recover damages from the defendant only to the extent of the defendant's fault and may not recover damages to the extent that he himself was at fault.

If the plaintiff was more at fault than the defendant, then the plaintiff cannot recover any damages.

Here is an example to make this rule clear: If the plaintiff was 20% at fault and the defendant was 80% at fault, the plaintiff recovers 80% of his damages. If the plaintiff was 50% at fault and the defendant was 50% at fault, the plaintiff recovers 50% of his damages. However, if the plaintiff was more than 50% at fault, he was more at fault than the party he has sued, and he recovers no damages.

Just as an example, suppose the plaintiff's total damages were $100. If the plaintiff was 30% at fault and the defendant was 70% at fault, the plaintiff would recover 70% of the $100, or $70. The plaintiff would thus not receive payment for the part of his damages caused by his own negligence. Obviously, the numbers used are just for the sake of an example. I could have used $10,000 or $10 million.

     a.     You are instructed that the doctrine of "comparative negligence" is applicable to this case, so that if you should find from the evidence that the Plaintiff was negligent and that her own negligence contributed to her injury and that the Defendant was negligent and that its own negligence also contributed to the plaintiff's injury, it is then your duty to determine the degree of the plaintiff's negligence contributing to her injury and the degree of defendant's negligence contributing to the plaintiff's injury. If in doing so, you should find that the degree of negligence of the plaintiff was greater than the degree of negligence attributable to the defendant, then the plaintiff is not entitled to recover and your verdict must be for the defendant. However, if you should find that the plaintiff was negligent, but that the degree of negligence attributable to the plaintiff was equal to or less than that attributable to the defendant, then the plaintiff is entitled to recover, but not the full amount of her damages. Those damages, when ascertained, should be reduced in proportion to the degree of negligence attributable to the plaintiff. Connecticut General Statutes Sec. 52-572(h)

     b.     If you find that any party claiming damages (seeking a recovery) was negligent and that such negligence was a proximate cause of her injuries, you must consider what is called the "comparative negligence rule." It provides that in causes of action based on negligence, contributory negligence shall

15