not bar recovery if such contributory negligence was not greater than the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering. There are essentially two parts to this rule. The first part concerns what is called in the law a "complete bar to recovery." If we combine every act and omission of both parties to the action which caused the injury, we then have a total of 100% of the negligence involved. If the person seeking recovery for that injury is more than 50% to blame (negligent) for that injury, he cannot recovery any damages from any of the other participants in the accident. Her recovery is barred. Connecticut General Statutes Section 52-572(h).

**REVISED TO MAY 1, 2003**

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

16

**Defendant's Fifteenth Request to Charge**

# Damages

### REVISED TO APRIL 1, 2001

The rule of damages is as follows. Insofar as money can do it, the plaintiff is to receive fair, just and reasonable compensation for all injuries and losses, past and future, which are proximately caused by the defendant's proven negligence. Under this rule, the purpose of an award of damages is not to punish or penalize the defendant for his/her negligence, but to compensate the plaintiff for his/her resulting injuries and losses. You must attempt to put the plaintiff in the same position, as far as money can do it, that he/she would have been in had the defendant not been negligent.

Our laws impose certain rules to govern the award of damages in any case where liability is proven. Just as the plaintiff has the burden of proving liability by a fair preponderance of the evidence, he/she has the burden of proving his/her entitlement to recover damages by a fair preponderance of the evidence. To that end, the plaintiff must prove both the nature and extent of each particular loss or injury for which he/she seeks to recover damages and that the loss or injury in question was proximately caused by the defendant's negligence. You may not guess or speculate as to the nature or extent of the plaintiff's losses or injuries. Your decision must be based on reasonable probabilities in light of the evidence presented at trial. Injuries and losses for which the plaintiff should be compensated include those he/she has suffered up to and including the present time and those he/she is reasonably likely to suffer in the future as a proximate result of the defendant's negligence. Negligence, as I previously instructed you, is a proximate cause of a loss or injury if it is a substantial factor in bringing that loss or injury about.

Once the plaintiff has proved the nature and extent of his/her compensable injuries and losses, it becomes your job to determine what is fair, just and reasonable compensation for those injuries and losses. There is often no mathematical formula in making this determination. Instead, you must use human experience and apply sound common sense in determining the amount of your verdict.

In a personal injury action, there are two general types of damages with which you must be concerned: economic and noneconomic damages. Economic damages are monies awarded as compensation for monetary losses and expenses which the plaintiff has incurred, or is reasonably likely to incur in the future, as a result of the defendant's negligence. They are awarded for such things as the cost of reasonable and necessary medical care and lost earnings. Noneconomic damages are monies awarded as compensation for non-monetary losses and injuries which the plaintiff has suffered, or is reasonably likely to suffer in the future, as a result of the defendant's negligence. They are awarded for such things as physical pain and suffering, mental and emotional pain and suffering, and loss of diminution of the ability to enjoy life's pleasures.

17

I will now instruct you more particularly on economic damages. In this case, the plaintiff seeks to recover economic damages for each of the following types of monetary losses or expenses: [here list each type of monetary loss or expense for which the plaintiff seeks, and the evidence potentially supports, an award of economic damages]. [Then, proceed to instruct on each such claim under the appropriate paragraphs(s) below.]

The plaintiff is entitled to recover the reasonable value of medical care and expenses incurred for the treatment of injuries sustained as a result of the defendant's negligence. The plaintiff must prove that the expenses he/she claims were reasonably necessary and proximately caused by the defendant's negligence.

The plaintiff is also entitled to recover any loss of earnings or earning capacity that he/she proves to have been proximately caused by the defendant's negligence. With respect to lost earnings up to the present time, the plaintiff must prove that the defendant's negligence has prevented him/her from receiving the earnings for which he/she seeks compensation. He must do so by establishing a reasonable probability that his/her injury brought about a loss of earnings. The evidence must establish a basis for a reasonable estimate of that loss.

The plaintiff is also entitled to damages for the loss of future earnings based upon the evidence as to what he probably could have earned but for the harm caused by the defendant's negligence and as to what the plaintiff can now earn through the earning period of his/her life.

Let me now turn to noneconomic damages. In this case, the plaintiff seeks to recover noneconomic damages for each of the following type of non-monetary losses or injuries: [here list each type of non-monetary loss or injury for which the plaintiff seeks, and the evidence potentially supports, an award of noneconomic damages]. [Then, proceed to instruct on each such claim under the appropriate paragraph(s) below.]

A plaintiff who is injured by the negligence of another is entitled to be compensated for all physical pain and suffering, mental and emotional suffering, loss of the ability to enjoy life's pleasures, and permanent impairment or loss of function that he/she proves by a fair preponderance of the evidence to have been proximately caused by the defendant's negligence. As far as money can compensate the plaintiff for such injuries and their consequences, you must award a fair, just, and reasonable sum. You simply have to use your own good judgment in awarding damages in this category. You should consider the nature and duration of any pain and suffering that you find.

A plaintiff who is injured by the negligence of another is entitled to be compensated for mental suffering caused by the defendant's negligence for the results which proximately flow from it in the same manner as he/she is for physical suffering.

You should consider, as a separate category for awarding damages in this case, the length of time the plaintiff was, or will probably be, disabled from engaging in activities which he/she enjoys.

If you find that it is reasonably probable that he/she has suffered permanent physical harm, loss of function or disfigurement, the plaintiff is entitled to be compensated for that category of injury. Your award

18

should be in accordance with the nature and extent of such physical impairment, loss of function or disfigurement and the length of time he/she is reasonably expected to endure its negative consequences. (Here it may be appropriate to instruct the jury as to the use of any evidence of life expectancy that has been introduced.)

The plaintiff is entitled to full compensation for all injuries and losses proximately caused by the defendant's negligence even though those injuries and losses are more serious than they otherwise would have been because of a pre-existing condition. You may not compensate the plaintiff for the pre-existing injury itself However, the aggravation of such an injury, proximately caused by the defendant's negligence, is a proper item of noneconomic damages.

a.  If you do come to the conclusion that the defendant was negligent and that such negligence was the proximate cause of the injuries in the given case, then you must turn to the question of damages. In that regard, just as in regard to every other disputed matter before you, you can award this plaintiff damages only as they are justified by the pleading and the proof, and your finding of damages must be within the matter alleged in the complaint. It is incumbent upon a plaintiff to satisfy you, by a fair preponderance of the evidence as I have defined that term to you, as to the extent and nature of the injury which she suffered and the amount which ought to be recovered as damages. Wright, <u>Connecticut Jury Instructions</u>, Sec. 226.

b.  You are not to speculate or to guess as to a plaintiff's injures. You cannot award damages for any injury which may only possibly have resulted from the defendant's conduct. Damages can only be awarded for those injuries which the plaintiff has provided by a fair preponderance of the evidence and with reasonable probability resulted from the negligence of the defendant. Wright, <u>Connecticut Jury Instructions</u>, Section 226.

c.  The rule is that insofar as money can do it, the plaintiff is to get fair and just compensation for the injuries she has suffered. It is for you, in the exercise of your best judgment to say what is fair and just compensation to her insofar as money will compensate for the injury which she has suffered. There is no fixed rule which you can apply. You have to apply sound common sense in reaching the amount of your verdict. Of course, in considering that you are bound by the allegations of the pleadings. Wright, <u>Connecticut Jury Instructions</u>, Section 226.

.REVISED TO APRIL 1, 2001

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction and other sources identified.**

19

**Defendant's Sixteenth Request to Charge**

Plaintiff's Failure to Mitigate Damages

      The defendant contends that with regard to the plaintiff's claim for lost wages and economic damages, the plaintiff should not recover the full amount claimed because she has failed to mitigate her damages. A plaintiff, under the law, is obligated to act reasonably not to incur unnecessary losses. That is to say a plaintiff must mitigate damages. In this regard, the defendant must show to you that the injured party, Karen Hughes, failed to take reasonable action to lessen her damages; that the damages were in fact enhanced by her failure to take reasonable action to lessen her damages; and that the damages which could have been avoided can be measured with reasonable certainty. Here, there has been evidence offered that the plaintiff took a job as a nurse in a pediatrician's office with a lower hourly rate and lesser hours than she could otherwise have obtained as a nurse. There has also been evidence that she delayed seeking work though medically cleared to do so. There has further been evidence offered that, according to the plaintiff, at a certain point in time, her injuries had healed to the point where she could have worked at an available job at longer hours, and at a greater rate of pay, but chose not to do so because she enjoyed working in a pediatrician's office where she had secured employment. If you accept this evidence, then the measure of her increased damages would be the difference between that which she actually made and that which she could have made as a nurse or a nurse working longer hours at a greater rate of pay. You cannot award her the amount by which her damage increased due to her failure to mitigate her losses.

Preston v. Keefe, 20 Conn. App. 656, reversed in part 217 Conn. 12 (1991).

20

**Defendant's Seventeenth Request to Charge**

# Cause in Fact

**REVISED TO DECEMBER 31, 1998**

A cause in fact is an actual cause. The test for cause in fact is, simply, "Would the injury have occurred were it not for the defendant's negligence?" If your answer to this question is "yes," then the defendant's negligence was not a cause in fact of the plaintiff's injuries.

### AUTHORITY

*Doe v. Manheimer,* 212 Conn. 748, 757 (1989) ("The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct"); *Shaughnessy v. Morrison,* 116 Conn. 661, 666 (1933) ("An act or omission can hardly be regarded as the cause of an event which would have happened if the act or omission had not occurred").

**REVISED TO DECEMBER 31, 1998**

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

**Defendant's Eighteenth Request to Charge**

# Legal Cause

### REVISED TO DECEMBER 31, 1998

If you find that the defendant was negligent in any of the ways alleged in the plaintiff's complaint, you must next decide if such negligence was a legal cause of any of the plaintiff's claimed injuries. Legal cause has two components: cause in fact and proximate cause.

### AUTHORITY

*Doe v. Manheimer*, 212 Conn. 748, 757 (1989) (noting, for the first time in Connecticut, that "legal cause" is an essential element of any negligence claim, and specifying that "causation in fact" and "proximate cause" are the two components of "legal cause"); 2 Restatement (Second), Torts § 430 (1965) ("In order that a negligent actor shall be liable for another's harm, it is necessary not only that the actor's conduct be negligent toward the other, but also that the negligence of the actor be a legal cause of the other's harm").

### REVISED TO DECEMBER 31, 1998

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

22

**Defendant's Nineteenth Request to Charge**

# Proximate Cause - Definition

### REVISED TO DECEMBER 31, 1998

Negligence is a proximate cause of an injury if it was a substantial factor in bringing the injury about.

### AUTHORITY

*Pilon v. Anderson*, 112 Conn. 300, 301 (1930) ("The meaning of the term `substantial factor' is so clear as to need no expository definition . . . . Indeed, it is doubtful if the expression is susceptible of definition more understandable than the simple and familiar words it employs"); *Mahoney v. Beatman*, 110 Conn. 184, 185 (1929) (first formally adopting the substantial factor test as the test for proximate cause in Connecticut). Accord *Mather v. Griffin Hospital,* 207 Conn. 125, 130 (1988) (most recently quoting <u>Pilon</u> and its progeny for the foregoing proposition).

### REVISED TO DECEMBER 31, 1998

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

23

**Defendant's Twentieth Request to Charge**

# Proximate Cause - Substantial Factor

### REVISED TO DECEMBER 31, 1998

Negligence is a substantial factor in bringing about an injury if it contributes materially to the production of the injury.

Negligence contributes materially to the production of an injury if its causative effects remain in active operation until the moment of injury, or at least until the setting in motion of the final active injurious force which immediately produces or precedes the injury. By this definition, negligence which makes only a remote, a trivial or an inconsequential contribution to the production of an injury is not a substantial factor in bringing about the injury, and thus is not a proximate cause of the injury.

### AUTHORITY

*Doe v. Manheimer,* 212 Conn. 748, 757-58 (1989) (quoting *Kowal v. Hohfer,* 181 Conn. 355, 359-60 (1980), as follows: "The `proximate cause' requirement tempers the `expansive view of causation [in fact] . . . by the pragmatic . . . shaping [of] rules which are feasible to administer, and yield a workable degree of certainty. 1 Harper & James, Torts § 20.4, p. 1133. Remote or trivial [actual] causes are generally rejected because the determination of the responsibility for another's injury is much too important to be distracted by explorations for obscure consequences or inconsequential causes'"); *Ferndale Dairy, Inc. v. Geiger,* 167 Conn. 533, 538 (1975) ("The test is whether the defendant's conduct was a substantial factor in causing the plaintiff's injuries. To be such a fact the cause must have continued down to the moment of the damage or, at least, down to the setting in motion of the final active injurious force which immediately produced or preceded the damage"); *Smiroff v. McNerney,* 112 Conn. 421, 424-26 (1930) (finding no error in a jury instruction which defined proximate cause as any act or occurrence which "substantially or materially contributed to produce" the injuries suffered, because: "The word `contribute' carries in itself the significance of a casual connection between the negligence and the injury. Whatever the phrases we have used to qualify it, the purpose has been to distinguish those negligent acts or omissions which play so minor a part in producing the injuries that the law does not recognize them as legal causes. In *Coogan v. Aeolian Co.,* [87 Conn. 149], 156 (1913), we pointed out that the phrases, substantially and proximately contributing and essentially or materially contributing are two forms expressive of one thought [.]. . . ." On that basis the Court concluded that the phrase "substantial factor in producing the plaintiff's injuries," as used in *Mahoney v. Beatman* was "tantamount" to the phrase "substantially or materially contributed to produce" the plaintiff's injuries); *Mahoney v. Beatman,* 110 Conn. 184, 198-99 (1929) (first equating the terms "substantial factor" and "material contribution" for the purposes of defining and establishing proximate cause).

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

**Defendant's Twenty-first Request to Charge**

Sympathy

In this action, the plaintiff has made a claim against a company. You will give no consideration or pay attention to the fact that a company is named as the defendant. The size of a company or its financial responsibility has no place in a trial. It is the pride of our system of law that our cases are not decided on the basis of whether the parties are rich or poor. I am sure you will decide this case on the evidence and the law as I give it to you, and not on some condition as to the size or the wealth of the defendant.

In this action, the plaintiff has made a claim for personal injuries. You are to award the plaintiff a verdict only if you find that he is entitled to it on the weight of the evidence and the law as instructed  Any sympathy you may feel for him should be put aside and should not influence your deliberations on the question of liability or on the question of damages. Wright, <u>Connecticut Jury Instructions</u>, Section 231B.

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction and sources identified.**

**Defendant's Twenty-second Request to Charge**

Common Law Indemnification

The defendant has brought a third party complaint against John Moriarty & Associates. This claim seeks what is known as indemnification under common law theory of Connecticut law. It is in the nature of a contingent claim. That is, Danbury 6 does not admit that it was negligent, but if negligence is found against it, the claim for indemnification seeks to essentially transfer the responsibility to John Moriarty & Associates to allow Danbury 6 to recover back any award of damages imposed upon them from John Moriarty. The common law claim for indemnification has elements which must be proven by the defendant Danbury 6. These are as follows:

1. If Karen and Thomas Hughes sustained the damages as alleged in their claim against Danbury 6, then all such injuries, losses and damages were directly and proximately caused by the negligence, if any, of John Moriarty & Associates, its agents, servants and/or employees and not directly by any negligence which may be chargeable to the defendant Danbury 6.

2. The third party defendant John Moriarty must have been in control of the situation with regard to the design and construction of the asphalt apron or ramp to the exclusion of Danbury 6.

3. Danbury 6 must demonstrate that it had no knowledge of the third party John Moriarty's negligence, had no reason to anticipate such negligence by John Moriarty, its agents, servants and/or employees in the design and construction of the pedestrian ramp side flair in the area where the plaintiff allegedly fell and could reasonably rely upon John Moriarty, its agents, servants and/or employees not to be negligent in the design and construction of the ramp side flair where the plaintiff allegedly fell and with regard to which the plaintiff alleges that the premises were defective.

Again, Danbury 6 must prove that John Moriarty was negligent, that Moriarty's negligence, rather than the negligence, if any, with which Danbury 6 was found chargeable,

26

was the direct and immediate cause of the accident and resulting injuries and damages, that Moriarty was in control of the situation to the exclusion of Danbury 6, and that Danbury 6 did not know of Moriarty's negligence, had no reason to anticipate it, and could reasonably on Moriarty not to be negligent.

If Danbury 6 establishes all of these elements, then any negligence which you may have found against it would be passive in nature and any negligence which you would find against Moriarty would be active. Under such circumstances, Moriarty would be obliged to indemnify Danbury 6 for any damages which might award against Danbury 6 in favor of the plaintiffs and you must find in favor of Danbury 6 on its indemnification claim. Kaplan v. Merberg, 152 Conn. 405 (1965).

**Defendant's Twenty-third Request to Charge**

# Suggested Amount of Damages

### REVISED TO DECEMBER 31, 1998

In closing argument, counsel mentioned some formulas or amounts that might figure in your verdict. I caution you that figures suggested by counsel do not constitute evidence. It is up to you to decide what fair, just and reasonable compensation is, whatever you find that figure might be, without regard to amounts that may have been suggested by counsel in argument.

### AUTHORITY

General Statutes § 52-216b.

### NOTES

This charge is required when counsel have advocated a particular dollar amount or a formula. It is probably not required when counsel have argued the total of economic damages but not a dollar amount as to other types of damages nor as to the whole verdict.

### REVISED TO DECEMBER 31, 1998

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

**Defendant's Twenty-fourth Request to Charge**

# Expert Witnesses

**REVISED TO DECEMBER 31, 1998**

We have had in this case the testimony of expert witnesses. Expert witnesses, such as engineers or doctors, are people who, because of their training, education, and experience, have knowledge beyond that of the ordinary person. Because of that expertise in whatever field they happen to be in, expert witnesses are allowed to give their opinions. Ordinarily, a witness cannot give an opinion about anything, but rather is limited to testimony as to the facts in that witness' personal knowledge. The experts in this case have given opinions. However, the fact that these witnesses may qualify as experts does not mean that you have to accept their opinions. You can accept their opinions or reject them.

In making your decision whether to believe an expert's opinion, you should consider the expert's education, training and experience in the particular field; the information available to the expert, including the facts the expert had, and the documents or other physical evidence available to the expert; the expert's opportunity and ability to examine those things; the expert's ability to recollect the activity and facts that form the basis for the opinion; and the expert's ability to tell you accurately about the fact, activity and the basis for the opinion.

You should ask yourselves about the methods employed by the expert and the reliability of the result. You should further consider whether the opinions stated by the expert have a rational and reasonable basis in the evidence. Based on all of those things together with your general observation and assessment of the witness, it is then up to you to decide whether or not to accept the opinion. You may believe all, some or none of the testimony of an expert witness. In other words, an expert's testimony is subject to your review like that of any other witness.

**REVISED TO DECEMBER 31, 1998**

**Taken from the Connecticut Judicial Branch's website for Connecticut Civil Jury Instruction**

29

THIRD PARTY DEFENDANT,
John Moriarty & Associates

By _____
Alan L. Robertson, Esq.
Smith, Ketaineck, Robertson & Musco
9 Washington Avenue, Suite 3-A
Hamden, CT 06518
Federal Bar I.D. No. CT-06603

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to all counsel of record on 12/19/03.

Robert W. Folchetti, Esq.
Klein & Folchetti
15 Fisher Lane
White Plains, NY 10603

Earl F. Dewey, II
LAW OFFICES OF SCOTT B. CLENDANIEL
300 Windsor Street
P.O. Box 2138
Hartford, Connecticut 06145-2138

Thomas H. Kukowski, Esq.
Milber Makris Plousadis & Seiden, LLP
108 Corporate Park Drive, Suite 200
White Plains, NY 10604

_____
ALAN L. ROBERTSON

30